**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SUNDAY UKWU, #27604-077,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:12-CV-1162-O-BK** |
| | § | **(3:95-CR-0188-O-1)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition for writ of *error coram nobis* be denied.

## I.    BACKGROUND

Petitioner, a citizen of Nigeria, pled guilty to bribery and was sentenced to 33 months' imprisonment, a three-year term of supervised release, and a $2,000 fine. *United States v. Ukwu*, No. 3:95-CR-0188-O(01) (N.D. Tex. 1995), *app. dism.*, No. 95-11116 (5th Cir. 1996). He unsuccessfully sought relief through a motion to vacate sentence under 28 U.S.C. § 2255. *United States v. Ukwu*, No. 3:95-CR-0188-O(01) (N.D. Tex. 1996) (Doc. 226, 235), *certificate of appealability denied*, No. 96-11561 (5th Cir. 1997).

On April 16, 2012, while in the custody of Immigration and Customs Enforcement pending removal proceedings, Petitioner filed the writ of *coram nobis* presently at issue. (Doc. 3). Relying on *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473 (2010), he asserts the district court and defense counsel failed to advise him of the deportation consequences of his guilty plea. (Doc. 3 at 5-14). Respondent argues the petition is untimely and, alternatively, fails on the merits. (Doc. 8). Petitioner filed a reply reiterating his claims. (Doc. 9).

## II. ANALYSIS

A writ of error *coram nobis* is an "extraordinary remedy" intended to achieve justice when "errors of the most fundamental character" have occurred in a criminal proceeding. *United States v. Morgan*, 346 U.S. 502, 511-12 (1954); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). It is available to a petitioner no longer in custody who seeks to vacate his conviction in circumstances where "the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989) (citations omitted).

The United States Court of Appeals for the Fifth Circuit recently foreclosed reliance by petitioners in cases such as this on *Padilla v. Kentucky*. In *United States v. Amer*, ___ F.3d ___, 2012 WL 1621005, *3 (5th Cir. May 9, 2012), the Court held, as a matter of first impression, that "the rule announced in *Padilla* is 'new' ... and accordingly ... does not apply retroactively...." *See also Marroquin v. United States*, 2012 WL 2384406, *2 (5th Cir. June 26, 2012) (unpublished *per curiam*) (affirming denial of *coram nobis* petition because retroactivity of *Padilla* was foreclosed by *Amer*). [1]

---

[1] While circuit courts are split, and a petition for certiorari is presently pending before the Supreme Court, c*ompare United States v. Orocio*, 645 F.3d 630 (3d Cir. 2011) (holding that *Padilla* applies retroactively), *with United States v. Hong*, 671 F.3d 1147 (10th Cir. Aug. 30, 2011), *and Chaidez v. United States,* 655 F.3d 684 (7th Cir.2011), *cert. granted*, 132 S. Ct. 2101 (U.S. Apr. 30, 2012), this Court is bound by Fifth Circuit precedent unless and until the Supreme Court reaches a contrary conclusion.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of error *coram nobis* be **DENIED**.

SIGNED on July 17, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE